ORIGINAL

LESLIE K. ICZKOVITZ # 2393
Law Offices of Leslie K. Iczkovitz
1350 Ala Moana Boulevard, Suite 1508
Honolulu HI 96814
Tel: (808) 523-8449
Fax: (808) 356-0832
Email: lesisko@aol.com

*Of Counsel*
Krohn & Moss, Ltd.
10474 Santa Monica Blvd, Suite 401
Los Angeles, CA 90025

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 16 2011
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ZARINA CROWE, | Case No.: CV11 00494 DAE RLP |
| Plaintiff, | |
| v. | Hon. |
| J.A. CAMBECE LAW OFFICE, P.C., | PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL; EXHIBIT "A"; SUMMONS |
| Defendant. | |

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ZARINA CROWE ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, J.A. CAMBECE LAW OFFICE, P.C.("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who currently resides in Wai'anae, Honolulu County, Hawaii and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Peabody, Massachusetts.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant is collecting from Plaintiff on an alleged consumer debt.

11. Beginning in approximately June 2011, Defendant calls Plaintiff constantly and continuously, up to three times per day, and often the calls from Defendant come in one after another.

12. Defendant threatened to sue Plaintiff, take her to court, garnish her wages and place a lien on her assets if she did not pay Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

13. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff is telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's wages.

   d. Defendant violated *§1692e(5)* of the FDCPA by threatening to sue Plaintiff when Defendant cannot or does not intend such action.

   e. Defendant violated *§1692e(5)* of the FDCPA by threatening to place a lien on Plaintiff's assets.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

Dated: 8/12/11

By: *[signature]*
Leslie K. Iczkovitz, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ZARINA CROWE, hereby demands trial by jury in this action.